HARRY TROLL, Administrator in Charge of Estate
of MURDOCH & DICKSON, v. CITY OF ST.
LOUIS et al.; CITY OF ST. LOUIS, Appellant.

**In Banc, May 4, 1914.**

**LIMITATIONS.** Where the Statute of Limitations has begun to
run in favor of the city which holds certain wharves and
streets by prescriptive right, against a partner who held the
legal title for a partnership, it continued after his death to
run against the surviving partner as administrator, and if con-
tinued for the length of time prescribed by statute, the title
vests in the city.

Appeal from St. Louis City Circuit Court.—*Hon.
James E. Withrow,* Judge.

AFFIRMED.

For attorneys, see Troll v. St. Louis, *ante,* p. ——.

LAMM, C. J.—Action to quiet title. This is a
companion case to Troll, Admr., Plaintiff in Error, v.
City of St. Louis et al., Defendants in Error, *ante,* p.
626. They belong together, were heard together, and
that case should be read with this.

As stated in the former case, the interest of the
city is its title to a certain wharf and certain streets.
In this case a possession older than that of Harrison
in the former case, to-wit, one running back for over
fifty years, is claimed by the city. Otherwise the de-
fense of the city was the same as that of the other
defendants. As to the wharf and streets, the judgment
was in the city's favor, but complaint is made that it
does not define and adjudge the title, interest and es-
tate of defendant in that it made certain findings of
defendant's lands and rights but did not adjudge and
define the same as required by law and did not con-
tain sufficient description of the lands described in

defendant's answer; but a comparison of the answer with the judgment does not persuade us there is any merit in this appeal. The prayer of defendant's answer was this: "Wherefore this defendant prays to be hence dismissed with his costs herein expended." The judgment being broader in favor of defendant than the prayer of its answer, it could not be enough aggrieved thereby to warrant an appeal. In the former case, the judgment (an omnibus one) was affirmed. If it had been reversed, we would have other questions on our hands in this case. The propositions there ruled lead to the affirmance of the same judgment on the appeal of the city. Let that be done.

The judgment is affirmed. *Graves, Brown, Walker* and *Faris, JJ.,* concur; *Woodson* and *Bond, JJ.,* dissent for the reasons stated in the dissenting opinion of *Woodson, J.,* filed in the companion case.